**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera, Esq. (SBN 192390)
Jason Y. Chao (SBN 250735)
Aaron M. Daniels (SBN 279681)
650 Town Center Drive, Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
jchao@aguileragroup.com
adaniels@aguileragroup.com

Attorneys for Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation;<br><br>Plaintiff,<br><br>v.<br><br>TAISEI CONSTRUCTION CORPORATION, a Delaware corporation; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 2:15-cv-05677-R-PJW<br><br>**PROTECTIVE ORDER**<br><br><br><br>Date Action Filed: July 27, 2015<br>Trial Date: November 29, 2016 |

**TO ALL PARTIES AND COUNSEL:**

After considering the stipulation filed by Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers") and Defendant TAISEI CONSTRUCTION CORPORATION ("Taisei") on February 29, 2016, and good cause appearing therefore, **IT IS HEREBY ORDERED THAT:**

1. This Protective Order shall govern all items or information that are produced, disclosed, or generated in connection with discovery, including but not limited to all discovery responses, deposition testimony, deposition exhibits or other documents, including electronic media, and tangible materials of any kind, however communicated, produced in this litigation (collectively referred to as "Materials") that the Parties to this action may designate as "CONFIDENTIAL." As used herein, "Parties" refers to the parties to this action.

2. The Parties may designate as "CONFIDENTIAL" any Materials or information of a proprietary, financial, or competitively sensitive nature; Materials or information that is protected against disclosure to any non-Party by any applicable privilege, work product protection, or other statutory or common law protection, including Materials created or produced in connection with the Underlying Action; research, technical, commercial or financial information that the producing Party has maintained as confidential; confidential personal identification information; or any confidential insurance information, including, but not limited to, any such claims information, by placing in a conspicuous location on the Materials or information the word "CONFIDENTIAL" or by informing all Parties in writing that a specific group of clearly identified documents (identified by bates number or similar designation) are confidential.

3. By agreeing to the procedure set forth in this Protective Order to govern how discoverable Materials and information are to be designated "CONFIDENTIAL," produced, and handled in this litigation, no Party is waiving any applicable privilege, work-product protection, fiduciary duty of loyalty or confidentiality, or any statute, rule, or common law provision that prohibits or restricts disclosure of any documents or other information to any other Party to this litigation. Any Party claiming a right to receive documents or other information in discovery in this action must support that claimed right independent of the existence or contents of this Protective Order and cannot claim to have obtained any such right

1  by virtue of the existence or contents of this Protective Order.  Nothing contained in
2  this Protective Order shall constitute an admission or determination that any Material
3  or information is confidential, subject to discovery, or protected from discovery.

4      4.    All non-public material related to the representation and defense of
5  Taisei in the Underlying Action of *Wilshire Vermont Housing Partners v. Taisei, et
6  al.*, filed in Los Angeles Superior Court Case No. BC504178, produced by the Parties
7  in the present action shall be presumed "CONFIDENTIAL" pursuant to the terms of
8  this Protective Order.

9      5.    Any Party may also designate as "CONFIDENTIAL" any portion of a
10 deposition transcript of its agent or employee, the agent or employee of another Party,
11 or of a third party that contains confidential information relating to that Party by a
12 statement on the record at the time of the deposition or by written designation within
13 forty-five days after the deposition.  If no indication on the record is made, all
14 Materials and information disclosed during a deposition shall be deemed
15 "CONFIDENTIAL" until the expiration of the forty-five day period within which any
16 Party may designate the Material or information as "CONFIDENTIAL."  Any
17 "CONFIDENTIAL" Material or information that is used in the taking of a deposition
18 shall remain subject to the provisions of this Protective Order, along with the
19 transcript pages of the deposition testimony that discuss the "CONFIDENTIAL"
20 Material or information.

21     6.    No Materials or information designated as "CONFIDENTIAL" shall be
22 furnished, shown or otherwise disclosed to any person, except the following: 1)
23 counsel for the Parties and any attorneys, paralegals, assistants, clerks, and support
24 staff assisting such counsel; 2) essential employees of a Party, or other potential
25 witnesses, with whom it is considered in good faith necessary to consult in connection
26 with the prosecution or defense of this case; 3) qualified persons taking testimony,
27 including court reporters and videographers; 4) outside consultants and experts
28 retained by the Parties to consult and/or assist counsel in the preparation and trial of

this litigation; 5) the Court, jury, and court personnel; 6) document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services; and 7) any mediator selected by the Parties or appointed by the Court to mediate the claims at issue in this litigation and the support staff for the mediator. This restriction on the disclosure of "CONFIDENTIAL" Material may be modified by court order and does not apply where the designating Party has given its written consent to the disclosure.

7.   All Materials or information designated as "CONFIDENTIAL" shall be used solely for the prosecution or defense of this litigation, including dispositive motions, trial, and any related appellate proceeding. The Parties' disclosure of confidential Materials or information in this litigation is made pursuant to and under the protection of this Protective Order and such disclosure shall not be deemed a waiver of any privilege, work product, trade secret, or other protections. A Party may use for any purpose its own documents and information that it produces or discloses in this litigation or obtains outside of this litigation and the use of such documents and information shall not be considered a violation of this Protective Order.

8.   Before any consultants, experts, mediators, or non-Party witnesses or potential witnesses, including any former employees, in this litigation receive or review Materials or information designated as "CONFIDENTIAL," counsel for the Party making the disclosure shall provide to the person to whom disclosure is planned or proposed a copy of the declaration in the form attached as Exhibit "A" to this Protective Order. Counsel for the disclosing Party shall maintain a complete and current file of Declarations so executed for at least two (2) years after this litigation is finally terminated and shall be made available to counsel for any other Party upon a showing that this Protective Order has been violated or may have been violated. This paragraph does not apply when showing or providing Materials to witnesses at a hearing, trial or deposition, or to any person who, as shown on the face of the

1  document, was an author, addressee, or recipient of the document, including a
2  recipient of a copy.

3       9. Nothing contained in this Protective Order bars or restricts the Parties'
4  attorneys from rendering advice to their respective clients with respect to this
5  litigation. This Protective Order shall not prevent the use of "CONFIDENTIAL"
6  Materials or information in connection with a motion, at a hearing, at trial, or at a
7  deposition provided that the Materials shall be disclosed or displayed only upon the
8  implementation of reasonable safeguards to preserve their confidential status. Any
9  Party submitting evidence designated "CONFIDENTIAL" in connection with a
10 motion in this litigation shall lodge such evidence with the Court conditionally for
11 filing under seal, publicly file redacted versions of their papers which redact any
12 "CONFIDENTIAL" Materials, and serve on the Parties the redacted and non-redacted
13 version of the papers. If the Court requires any showing beyond the existence of this
14 Protective Order and a "CONFIDENTIAL" designation to accept evidence lodged
15 under seal, any Party seeking to have any part of the filing maintained under seal shall
16 have the burden of making the requisite showing, and shall file any supporting
17 materials with the Court, including, but not limited to a motion pursuant to Civil
18 Local Rule 79-5, within seven (7) days of the moving Party's notice of lodgment. If
19 no such showing is made, or the Court deems that the attempted showing was
20 insufficient, the moving Party may file the evidence and unredacted papers with the
21 Court as part of public record. If possible, two (2) days prior to lodging any
22 "CONFIDENTIAL" Material or information conditionally under seal, the Party
23 intending to lodge the "CONFIDENTIAL" Material or information will endeavor to
24 contact the Party that designated the Material as "CONFIDENTIAL" to confirm that
25 the Party requires that the Material or information be conditionally filed under seal.
26 In the event that the Party that designated the Material or information as
27 "CONFIDENTIAL" does not require the Material or information to be filed under
28

seal, the Party filing the motion may file the motion and supporting Material without sealing the "CONFIDENTIAL" Material or information.

10. The inadvertent or unintentional disclosure of "CONFIDENTIAL" Materials or information, regardless of whether the Materials were designated as "CONFIDENTIAL" at the time of disclosure, shall not be deemed a waiver of a Party's claim of confidentiality provided that the Party asserting the claim of confidentiality informs all other Parties of its claim within a reasonable time after learning of the disclosure.

11. The restrictions set forth in this Protective Order shall not apply to Material or information disclosed in a manner that does not violate this Protective Order.

12. Within sixty (60) days of the final termination of this litigation, including all appeals, the Parties agree to destroy or return to the producing party all copies, including electronic copies, of "CONFIDENTIAL" Materials produced in this litigation. This provision shall not apply to copies of the pleadings or other court filings, working files, claim files, litigation files, or similar material maintained by a Party or its counsel in the ordinary course of maintaining and preserving files related to this litigation and shall not apply to prevent counsel from retaining "CONFIDENTIAL" Materials necessary to comply with the rules of professional conduct. A Party may also maintain copies of "CONFIDENTIAL" Materials pursuant to the express written agreement of the Party that designated the Materials as "CONFIDENTIAL."

13. Any Party may bring a motion to challenge the designation of Material or information as "CONFIDENTIAL." Any Party may also bring a motion to challenge the limitations placed upon the use of any particular Material or information designated as "CONFIDENTIAL." The Party that designated the Material or information as "CONFIDENTIAL" bears the burden of proving that the Material or information is "CONFIDENTIAL" and entitled to the protections of this

1  Protective Order. Any Materials or information challenged pursuant to this paragraph
2  shall be treated as "CONFIDENTIAL" pending the Court's ruling on the motion
3  brought under this paragraph.
4      14.   In the event that 1) any Party is served with a subpoena for the
5  production of Material or information designated as "CONFIDENTIAL" in this
6  litigation and 2) the subpoena was issued by any person or entity that is a party in the
7  Underlying Action of *Wilshire Vermont Housing Partners v. Taisei, et al.*, filed in
8  Los Angeles Superior Court Case No. BC504178, it shall be presumed that such
9  Material or information is protected from disclosure. This presumption is limited to
10 any Materials or information regarding the defense of Taisei in the Underlying Action
11 of *Wilshire Vermont Housing Partners v. Taisei, et al.*, filed in Los Angeles Superior
12 Court Case No. BC504178. Any person or entity seeking the production of Material
13 or information that has been designated as "CONFIDENTIAL" in this litigation that
14 is not a party to this litigation shall bear the burden of proving that it is entitled to the
15 Material or information after giving reasonable notice to the Party that designated the
16 Material or information as "CONFIDENTIAL."

18      **IT IS SO ORDERED.**

22  Dated: March 1, 2016

23                                MANUEL L. REAL
24                                UNITED STATES DISTRICT JUDGE

# EXHIBIT A –
# DECLARATION REGARDING CONFIDENTIALITY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; <br><br> Plaintiff, <br><br> v. <br><br> TAISEI CONSTRUCTION CORPORATION, a Delaware corporation; and DOES 1 through 100 inclusive, <br><br> Defendants. | Case No. 2:15-cv-05677-R-PJW <br><br> **DECLARATION REGARDING CONFIDENTIALITY** |

I hereby declare that:

1. I have been provided with a copy of the Protective Order for the case of Travelers Property Casualty Company of America v. Taisei Construction Corporation, bearing the case number of 2:15-cv-05677-R-PJW for the United States District Court for the Eastern District of California. I have read the Protective Order, understand the terms of the Protective Order, and agree to be bound by the terms of the Protective Order.

2. As required by the terms of the Protective Order, I will not make or retain possession of copies of any Materials or information designated "CONFIDENTIAL" and I will not use, disclose, make available, or otherwise communicate confidential Materials or information in any manner except for the purpose of my acting as an expert, consultant, and/or witness in the above-entitled litigation.

///

1    3.   I acknowledge that my failure to abide by the terms of the Protective
2  Order and this Declaration may subject me to penalties if I am found to be in
3  contempt of Court.
4
5    I declare under penalty of perjury under the laws of the State of California and
6  the United States of America that the foregoing is true and correct.
7
8  _____        _____         _____
9  (Date of Signature)         (City, State where Signed)        (Signature of Declarant)
10
11                                                                          _____
12                                                                          (Print Name of Declarant)
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28